IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTOLIO GONZALEZ GONZALEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DONALD O'KEEFE, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 12-2681 LHK (PR) <br><br> ORDER TO SHOW CAUSE |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an extradition order. Petitioner has paid the filing fee. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

**DISCUSSION**

A.   Standard of Review

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). An extradition may be challenged by way of a petition for writ of habeas corpus in federal court. *See Roberts v. Reilly*, 116 U.S. 80 (1885); *Prasoprat v. Benov*, 421 F.3d 1009, 1013 (9th Cir. 2005). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Order to Show Cause
P:\PRO-SE\LHK\HC.12\Gonzalez681oscextra.wpd

1  Summary dismissal is appropriate only where the allegations in the petition are vague or
2  conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908
3  F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).
4  B.  <u>Petitioner's Claim</u>
5      Petitioner is challenging the extradition order, dated April 10, 2012, in *In the Matter of*
6  *the Extradition of Eustolio Gonzales Gonzales*, No. 09-70576 DMR (N.D. Cal. 2012).
7  Specifically, petitioner claims that, because there was a three year delay between the April 2006
8  date of the underlying charge which originated in Mexico, and the 2009 date upon which the
9  extradition complaint was filed against petitioner, the process violated the Sixth Amendment's
10 Speedy Trial Clause.  The court orders respondent to show cause why the petition should not be
11 granted as to petitioner's claim.

**CONCLUSION**

13  1.  The Clerk shall serve by mail a copy of this order and the petition and all
14 attachments thereto (docket no. 1) upon the respondent and the respondent's attorney, the United
15 States Attorney's Office.  The Clerk shall also serve a copy of this order on petitioner.
16  2.  Respondent shall file with the court and serve on petitioner, within **sixty days** of
17 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
18 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
19 Respondent shall file with the answer and serve on petitioner a copy of all portions of the
20 underlying record that have been transcribed previously and that are relevant to a determination
21 of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do
22 so by filing a traverse with the court and serving it on respondent within **thirty days** of the date
23 the answer is filed.
24  3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
25 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
26 2254 Cases within **sixty days** of the date this order is filed.  If respondent files such a motion,
27 petitioner shall file with the court and serve on respondent an opposition or statement of non-
28 opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file


1 with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is
2 filed.
3    IT IS SO ORDERED.
4 DATED: 4/5/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge