IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC L. GONZALEZ, | ) | No. C 13-5735 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION OR |
| | ) | NOTICE THAT SUCH MOTION IS |
| DR. DARIN BRIGHT, et al., | ) | UNWARRANTED; DENYING |
| | ) | MOTION FOR PRELIMINARY |
| Defendants. | ) | INJUNCTION |
| | ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves the complaint on named defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    <u>Plaintiff's Claims</u>

7       In the complaint, plaintiff alleges that in 2012, plaintiff's primary care physician, Dr.
8  Kohler, submitted a Request for Services for plaintiff to see a podiatrist. Plaintiff had been
9  issued orthopedic shoes since 2004 for his foot conditions. Because plaintiff's orthopedic shoes
10 were becoming ineffective, plaintiff began suffering severe pain and swelling in his feet and
11 ankles. Dr. Chudy also agreed, based on a review of plaintiff's medical file and physical
12 examination of plaintiff's lower extremities, that a podiatrist consultation was necessary.
13 Defendants Dr. Bright, Dr. Javate, and Dr. Adams denied the request for services despite
14 recommendations to the contrary. Liberally construed, plaintiff has stated a cognizable claim
15 that defendants were deliberately indifferent to his serious medical needs.

16 C.    <u>Motion for Preliminary Injunction</u>

17      Plaintiff has also filed a motion for preliminary injunction. Specifically, plaintiff
18 requests the court to order defendants to permit plaintiff to see an "orthotic specialist" to obtain
19 new orthopedic shoes. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance
20 of a preliminary injunction. Prior to granting a preliminary injunction, notice to the adverse
21 party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction
22 cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719,
23 727 (9th Cir. 1983). A motion for preliminary injunction may be granted without written or oral
24 notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific
25 facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss
26 or damage will result to the applicant before the adverse party or the party's attorney can be
27 heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice that Such Motion is Unwarranted;
Denying Motion for Preliminary Injunction
P:\PRO-SE\LHK\CR.13\Gonzalez735srv.wpd    2

1  have been made to give notice and the reasons supporting the claim that notice should not be
2  required. *See* Fed. R. Civ. P. 65(b). Here, none of the defendants have been given notice.
3  Moreover, plaintiff has not shown that he has satisfied the elements to support an exception.
4  Accordingly, plaintiff's motion for a preliminary injunction is DENIED without prejudice.

## CONCLUSION

6      For the foregoing reasons, the court hereby orders as follows:
7      1.    Plaintiff's motion for preliminary injunction is DENIED without prejudice.
8  (Docket No. 4.)
9      2.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
10 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
11 and all attachments thereto (docket no. 1), and a copy of this order to **Dr. Darin Bright, Dr.**
12 **Javate, and Dr. A. Adams** at **Correctional Training Facility** in **Soledad, CA**.
13     The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
14 order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of
15 this order to plaintiff.
16     3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
17 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
18 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
19 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
20 the cost of such service unless good cause be shown for their failure to sign and return the waiver
21 form. If service is waived, this action will proceed as if defendants had been served on the date
22 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
23 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
24 was sent. (This allows a longer time to respond than would be required if formal service of
25 summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the
26 waiver form that more completely describes the duties of the parties with regard to waiver of
27 service of the summons. If service is waived after the date provided in the Notice but before
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice that Such Motion is Unwarranted;
Denying Motion for Preliminary Injunction
P:\PRO-SE\LHK\CR.13\Gonzalez735srv.wpd    3

defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

        a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    8.    All communications by the plaintiff with the court must be served on defendants

Order of Service; Directing Defendants to File Dispositive Motion or Notice that Such Motion is Unwarranted; Denying Motion for Preliminary Injunction
P:\PRO-SE\LHK\CR.13\Gonzalez735srv.wpd    4

1 | or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
2 | counsel.

3 |     9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
4 | No further court order is required before the parties may conduct discovery.

5 |     10.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
6 | and all parties informed of any change of address and must comply with the court's orders in a
7 | timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
8 | pursuant to Federal Rule of Civil Procedure 41(b).

9 |     IT IS SO ORDERED.

10 | DATED: 4/5/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge